**STATE OF TENNESSEE ex rel. Eugene DAVIS, Individually, Plaintiff,**

**v.**

**Uel HARTMAN, Individually and as Sheriff of Washington County, Tennessee; County of Washington County, Tennessee; Work House Commission of Washington County, Tennessee; Western Surety Company of Sioux Falls, South Dakota; Memorial Hospital, Inc.; and Dr. Horace Cupp, Defendants.**

**Civ. A. No. 2384.**

United States District Court
E. D. Tennessee,
Northeastern Division.

July 30, 1969.

W. E. Bowman, Greeneville, Tenn., for plaintiff.

Walter L. Price, Johnson City, Tenn., Robert M. May, Jonesboro, Tenn., Alfred W. Taylor, Ferdinand Powell, J. Paul Coleman, Johnson City, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff avers in his complaint herein, *inter alia*, that he was hospitalized at the facility of the defendant Memorial Hospital, Inc. and there treated by the defendant Dr. Horace Cupp, "* * * and some of said hospital and doctor [sic] bills were paid by the County of Washington, Tennessee, and/or the Work House Commission of Washington County, Tennessee * * *." He has joined the two aforenamed defendants as parties defendant herein, and each of them seeks a dismissal of this action as to them on the ground that the complaint fails to state a claim upon which the plaintiff can be granted relief against either of them. Rule 12(b) (6), Federal Rules of Civil Procedure. These motions have merit.

This is an action by the plaintiff claiming a violation of his civil rights. 42 U.S.C. §§ 1983, 1981. The plaintiff alleges no facts against the aforenamed defendants, constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment to the federal Constitution. Monroe v. Pape (1961), 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492, 496 [1]. An essential element requisite to a recovery by the plaintiff against these defendants is that the conduct complained of must have been done by a person or persons acting under color of law. Basista v. Weir, C.A.3rd (1965), 340 F.2d 74, 79 [3]. For an act to be under color of state law, it must be a "* * * [m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, * * *" United States v. Classic (1941), 313 U.S. 299, 326, 61 S.Ct. 1031, 1043 [14], 85 L. Ed. 1368, 1383 [19].

It is not alleged by the plaintiff that the defendant hospital is a state agency or that the defendant Dr. Cupp is a state employee, or that either was made

an agent of the state by virtue of any utilization of the hospital or professional services of these respective defendants by Washington County, Tennessee or its work house commission. The actions of these defendants are not alleged to have comprised a misuse of power derived from the actual vesting of authority by the state. " * * * After the commitment these defendants acted in their private capacities, and their actions were not 'under color of' state law in the sense required by the Civil Rights Act. * * *" Campbell v. Glenwood Hills Hospital, Inc., D.C.Minn.(1963), 224 F. Supp. 27, 31 [5].

The motion of June 9, 1969 of the defendant Memorial Hospital, Inc. and the motion of June 10, 1969 of the defendant Dr. Horace B. Cupp, hereby are sustained. As to each of them, accordingly, the complaint hereby is

Dismissed.

Other matters are reserved.